UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INDIRA MANEIRO<br><br>PLAINTIFF | CIVIL NO. |
| VS | CIVIL ACTION |
| ALEJANDRO N. MAYORKAS, SECRETARY, US DEPARTMENT OF HOMELAND SECURITY, US DEPARTMENT OF HOMELAND SECURITY FEDERAL EMERGENCY MANAGEMENT AGENCY, PATRICK BRIGGS, JOSEPHINE ARCURIO, JOSEPH CHIRICO, DANNA PLANAS, JOSE ESPINOSA, DANIEL PICCALUGA<br><br>DEFENDANTS | PLAINTIFF DEMANDS TRIAL BY JURY |

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, INDIRA MANEIRO, through the undersigned attorneys, who respectfully request and pray as follows:

JURISDICTION AND VENUE

1. The original jurisdiction of plaintiff's action arises by the federal statute, **Title VII Civil Rights Act of 1964**, This law makes it illegal to discriminate against someone on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. The jurisdiction of this Honorable Court is based on a violation of federal law, hence subject matter jurisdiction exists pursuant to 28 USC § 1331.

2. The original jurisdiction of plaintiff's action also lies by the federal statute, **The Equal Pay Act of 1963**, This law makes it illegal to pay different wages to men and women if they perform equal work in the same workplace. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of

1

discrimination, or participated in an employment discrimination investigation or lawsuit. The jurisdiction of this Honorable Court is based on a violation of federal law, hence subject matter jurisdiction exists pursuant to 28 USC § 1331, 28 USC § 1346 (United States as Defendant); 5 USC § 702.

3. Venue of this action properly lies before this Honorable Court, 28 USC §1391.

4. Jurisdiction of the court also lies under the **Bivens Doctrine**, 403 US 388 (1971) regarding individual co-defendants Patrick Briggs, Josephine Arcurio, Joseph Chirico, Danna Planas, Jose Antonio Espinosa and Daniel Piccaluga as federal employees who maliciously and intentionally confabulated and conspired against plaintiff Indira Maneiro. The jurisdiction of this Honorable Court is based on a violation of federal law, hence subject matter jurisdiction exists pursuant to 28 USC § 1331.

PARTIES

1. Plaintiff, Indira Maneiro of legal age, single and resident of San Juan, Puerto Rico.

2. Co-Defendant Alejandro N. Mayorkas, Secretary US Department of Homeland Security, Federal agency which has legal capacity to sue and be sued.

3. Co-Defendant US Department of Homeland Security, Federal Agency which has legal capacity to sue and be sued.

4. Co-defendant Federal Emergency Management Agency, Federal Agency which has legal capacity to sue and be sued.

5. Co-Defendant Patrick Briggs of legal age resident of Alexandria, Virginia.

6. Co-Defendant Josephine Arcurio of legal age, and resident of New York, New York.

7. Co-Defendant Joseph Chirico of legal age, and resident of New York, New York.

8. Co-Defendant Danna Planas of legal age, and resident of Guaynabo, Puerto Rico.

9. Co-Defendant Jose Antonio Espinosa of legal age, and resident of Texas.

10. Co-Defendant Daniel Piccaluga of legal age and resident of Washington, D.C

DEMAND FOR TRIAL BY JURY

1. Plaintiff demands trial by jury.

FACTS

1. Plaintiff, Indira Maneiro joined the Department of Homeland Security through the Federal Emergency Management Agency in August of 2010. On October 2017 Plaintiff was deployed to Puerto Rico from FEMA headquarters as quality control manager to work on the Hurricane Maria disaster. On September 2018 her changed to Emergency Management Supervisor (GS14), position held until September 1, 2022 when she was wrongfully terminated.

2. The named defendants, Patrick Briggs, Josephine Arcurio, Joseph Chirico, Dana Planas, Jose Antonio Espinosa, as employees of the Federal Emergency Management Agency (FEMA) confabulated and conspired to defame plaintiff work and person by fabricating negative performance record leading to her unlawful discharge. To wit:

a. **Plaintiff, Indira Maneiro's protected activity:** 2/26/2018 - Refusing to obey orders that violated laws, rules, and / or regulations while executing her functions as the DR-4339-PR Quality Control Manager, regarding the signing of a Determination Memo (DM) that established costs reasonableness prematurely of a multi-million dollar electrical project (PW 251), while ignoring that it was a "Time and Material" contract that lacked the checks and balances required by FEMA's PA policies and regulations. She was unfairly conditioned to work an additional year as a GS13 to access the GS 14 Full Performance Level (FPL) of the position, even though she had already met the qualification requirements. This all in violation of 5 USC § 2302 (b)(4).

b. **Plaintiff, Indira Maneiro's protected activity:** 10/17/2018 Cooperating with or disclosing information to the Inspector General OIG's Audit 18-044-AUD-FEMA regarding the multi-million-dollar electrical project (PW 251). $945 million obligated. As a consequence, Ms Maneiro was verbally threatened stating that she was a "persona non-grata". This all in violation of 5 USC § 2302 (b)(8),(9)

3

c. **Plaintiff, Indira Maneiro's protected activity**: On November 27, 2018, Reporting acts of mismanagement to her supervisors regarding the use of LIDAR technology within the operations (approximate investment between $10-20M) and refusing to accept hostile treatment while demanding respect. As a consequence, Ms. Maneiro received inconsiderate treatment from her supervisor Mr. Little, who along with other leadership officers, tried to manipulate Ms. Maneiro into participating in a report that continued misinforming the FCO about the real applicability of LIDAR technology within the operations, to cover up the acts of mismanagement and discredit the correct information that she provided. This all in violation of 5 USC § 2302 (b)(8),(9),(12)

d. **Plaintiff, Indira Maneiro's protected activity:** 1/14/2019 Refusing to obey orders that violated laws, rules, and / or regulation, such as: a) participating with a false report regarding LIDAR applications for DR-4339-PR and b) reporting it to the Labor Relations Office. Ms. Maneiro's complaint also included unequal and detrimental preferential treatment by her male interim supervisor (Mr. Robert Little) in favor of another male employee (Mr. Travis Johnson). As a consequence, Ms. Arcurio, Chief of Staff (the FCO Mr. Mike Byrne's right-hand woman), abusing her authority, engaged in a smear campaign against Ms. Maneiro and tried to influence her supervisors to give her a negative evaluation. Mr. Patrick Briggs joined Ms. Arcurio's retaliatory and abusive agenda against Ms. Maneiro. Furthermore, Ms. Maneiro was subjected to a long chain of abuses, toxic and hostile treatment, including (among others): a) barriers against her functions (in detriment to the FEMA Puerto Rico mission), caused the mismanagement of multi-billion-dollar projects such as the $150M PW#362 from the Department of Public Works and Transportation of Puerto Rico (DTOP), b) manipulating employees against her, c) creating a hidden misdemeanor record file against her, d) opposing her job growth opportunities, e) imposing pretexts to reject her work, etc. Mr. Briggs also in flagrant abuse of authority and usurping the functions of Ms. Maneiro's 1st line supervisor and with the cooperation of Ms. Arcurio reversed Ms. Maneiro's FPL GS14 approval while approving Mr. Travis Johnson; male reported by Ms. Maneiro for receiving preferential

treatment against her since September 2018 and for correlated LIDAR's mismanagement acts issues. This all in violation of 42 USC § 2000e, 29 USC § 206(d), 5 USC § 2302 (b)(4),(6),(8,)(9),(12)

e. **Plaintiff, Indira Maneiro's protected activity:** 11/4/2019 Claimed the right to access Equal Employment Opportunity, civil rights, and a proper work environment before the EEO, where the CORE values of Justice, Integrity, Compassion, and Respect for employees were to be honored. As a result of the pressure from an EEO officer due to Ms. Maneiro's complaint, Ms. Arcurio and Mr. Briggs, who had been exposed for usurping Mr. Chirico's supervisory functions to deny Ms. Maneiro's FPL GS14, looked for a way to convince Mr. Chirico to cooperate with their destructive agenda against Ms. Maneiro, and to give the false appearance that it was Mr. Chirico and not them who denied Ms. Maneiro's FPL GS14 approval. This all in violation of 42 USC § 2000e, 5 USC § 2302 (b)(9),(12)(4)

f. **Plaintiff, Indira Maneiro's protected activity:** 1/16/2020 Refusing to cooperate with discriminatory and/or retaliatory actions against subordinate employee (Ms. Aida Diaz). Having Plaintiff refused to support the actions against Ms. Diaz led Mr. Chirico decision to participate in the retaliatory agenda initiated by Ms. Arcurio and Mr. Briggs in denying Plaintiff FPL GS14 This all in violation of 42 USC § 2000e, 5 USC § 2302 (b)(12)(4)

g. **Plaintiff, Indira Maneiro's protected activity:** 1/16/2020 Mr. Chirico in confabulation with Mr. Briggs and Ms. Arcurio participated in the defamation, slander, libel and coercion against Ms. Maneiro, through false representation, delivered a memorandum to Ms. Maneiro drafted by Mr. Briggs and Ms. Arcurio, denying her FPL GS14 (for the second time). Mr. Chirico, was protected and promoted within the operations. This all in violation of 42 USC § 2000e, 5 USC § 2302 (b)(4),(6),(8)(9)(12)

h. **Plaintiff, Indira Maneiro's protected activity:** 1/30/2020 Refusing to cooperate with discriminatory and/or retaliatory actions against her subordinate employee (Ms. Margarita Toledo). Ms. Toledo had also cooperated with the OIG investigation regarding the multi-million-dollar electrical project (PW 251). $945M obligated, in which Ms. Maneiro also participated.

5

This led to a series of retaliatory incidents by Mr. Patrick Briggs and Mr. Chirico. Mr. Chirico also defamed Ms. Maneiro and Ms. Toledo before OPR with serious accusations that later were found to be unsubstantiated by investigators. (OPR case resolution 20200434).

From February to December 2020 – Management, advised by Ms. Arcurio, forced Ms. Maneiro to remain submissive under the authority of Mr. Chirico, a harasser reported by her to the EEO, under extremely hostile and toxic conditions. Before leaving the agency in March 2020, Mr. Briggs left a "hidden file" containing record of all the fabricated negative activity conducted against Ms. Maneiro with the intent to remove her from the agency. Action undertaken as well by Ms. Arcurio who unduly participated in the ilegal creation of a new organizational charts, hiding under OCCHCO's shadow, to promote organizational changes with the intent to negatively affected Ms. Maneiro's position. This all in violation of 5 USC § 2302 (b)(4),(5)(6),(8)(9)(12)

i. **Plaintiff, Indira Maneiro's protected activity:** 5/22/2020 Refusing to obey orders that violated laws, rules, and / or regulations, such as: retaliating against the PR Department of Transportation because they refused to receive duplicate funds from the $150M Project #362. (Section 312(a) of the Robert T. Stafford DREA Act). Mr. Chirico continued harassing, negatively evaluating, and destroying Ms. Maneiro's professional record at FEMA, actions requested and approved by Ms. Arcurio. With the intent to successfully remove her from the agency. This all in violation of 42 USC § 2000e, 5 USC § 2302 (b)(4),(5)(6),(8)(9)(12)

j. **Plaintiff, Indira Maneiro's protected activity:** 7/29/2020 Refusing to obey orders that violated laws, rules, and / or regulations, such as: implement technically incorrect and anti-regulatory guidelines for the repair of damaged slopes (Slope Guidance), to the detriment of citizens receiving assistance. Violation of the engineering validation and cost reasonableness criteria according to FEMA PAPPG V3.1 2018 Page 22 which states that the cost must be "… Necessary and reasonable to perform the work adequately and efficiently…" (0 2 CFR § 200.403) and impairing the applicant's prerogatives to provide its proposed Scope of Work (SOW) as established within (PAPPG V 3.1 2018 B. Develop Scope of work page 135) or to

have FEMA assistance to obtain a reasonable assistance funds to support Architecture &Engineering ( A&E) contract services. As a consequence, Ms Danna Planas who assumed the role vacated by Mr. Briggs, as Deputy IBD requested Ms. Maneiro's demotion from her position of Public Assistance Group Supervisor (PAGS) FPL GS14 to a position of Task force Lead (TFL) GS13, in accordance with an Org-Chart prepared by Mrs. Arcurio (hidden under OCCHCO's shadow). This all in violation of 5 USC § 2302 (b)(4),(5)(6),(8)(9)(12)

k. **Plaintiff, Indira Maneiro's protected activity:** January to December 2020 - Refusing to endure submissively to the abuses of her harassing supervisor (Mr. Chirico). As a consequence, Ms. Maneiro is removed from her Sector to preserve Mr. Chirico in his duties (as he continue to be protected by the Leadership). Ms. Maneiro is temporarily transferred to special assignments where she continued to confront humiliating situations. Ms. Maneiro was assigned to assist Mr. Garcia and Ms. Planas at the end of August 2020. However, both supervisors allowed Mr. Chirico to continue evaluating Ms. Maneiro, and who once again, shattered her 2020 annual performance evaluation, just as he had done with her 4th Qtr. and final 2019 record to support Mr. Briggs' and Ms. Arcurio's conspiracy to successfully remove Plaintiff from the agency, contradicting Ms. Maneiro excellent performance and productivity levels. This all in violation of 5 USC § 2302 (b)(4),(5)(6),(8)(9)(12)

l. **Plaintiff, Indira Maneiro's protected activity:** 3/8/2022 Claimed the right to access Equal Employment Opportunity, civil rights, and a proper work environment where the CORE values of Justice, Integrity, Compassion and Respect for employees were honored. Action which prompted retaliation against Plaintiff from, Danna Planas, Infrastructure Division Director and Mr. José A. Espinosa, Deputy IDD, of the infrastructure projects of the Natural Resources Sector. All of which led to a second downgrade in her position from GS15 grade to a GS13 not withstanding, in clear violation of the Equal Pay Act among other regulations. Even so, the agency continued benefiting from Ms. Maneiro's expertise and productivity considering that even though her pay rate remained as a GS13, her job responsibilities were that of a GS15 level.

7

Given Ms Maneiro's complaints about the abusive downgrading of her position, the agency through the conspiracy of the co-defendants, decided to remove Ms. Maneiro from the Agency and not to extend her contract (NTE), with the advice and support of the agency's attorney Mr. Daniel Piccaluga on September 2, 2022. This all in violation of 42 USC § 2000e, 5 USC § 2302 (b)(4),(5)(6),(8)(9)(12)

FIRST CAUSE OF ACTION

TITLE XII CIVIL RIGHTS ACT OF 1964 VIOLATION

1. Plaintiff incorporates by reference the averments contained in the preceding paragraphs.
2. As a consequence, of this actions attributable to US Department of Homeland Security, and The Federal Emergency Management Agency, Plaintiff suffered from discrimination on the basis of her sex, origin, (gender stereotype) and retaliation regarding this and other aforementioned prohibited personnel practices/unlawful activities, position within the agency through her supervisors who under confabulation and conspiracy retaliated against her resulting in her eventual removal from the agency. All of which has caused physical and mental damages estimated in an amount no less than Five Million Dollars ($5,000,000.00).

SECOND CAUSE OF ACTION

EQUAL PAY ACT OF 1963 VIOLATION

1. Plaintiff incorporates by reference the averments contained in the preceding paragraphs.
2. As a consequence, of this actions attributable to US Department of Homeland Security, and The Federal Emergency Management Agency, Plaintiff received inferior wages compared to men that performed equal work in the same workplace. She was not compensated according to the workload and responsibilities for the work performed as her male counterparts were. The under compensation owed to plaintiff amounts to a compensation of no less than One Million Three Thousand Dollars ($1,300,000.00) considering the thrill damage doctrine applicable. Ms. Maneiro's supervisors also retaliated against her because she complained about the equal pay discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. For

this retaliation she should be compensated in the amount of Two Million Dollars ($2,000,000.00

THIRD CAUSE OF ACTION-CLAIM UNDER BIVENS DOCTRINE

403 US 388

1. Plaintiff incorporates by reference the averments contained in the preceding paragraphs.

2. Co-defendants, Patrick Briggs, Josephine Arcurio, Joseph Chirico, Danna Planas, Jose Antonio Espinosa and Daniel Piccaluga intentionally and maliciously confabulated and conspired to defame and destroy Plaintiff's professional and personal reputation and unlawful termination.

3. As a consequence of these acts, plaintiff has suffered physical, emotional and economic damages estimated in an amount no less than Five Million Dollars ($5,000,000.00).

WHEREFORE, PLAINTIFF requests that the Court enter final judgment against Co-defendants as follows:

1) Finding co-defendant Alejandro N. Mayorkas, Secretary US Department of Homeland Security, The US Department of Homeland Security and the Federal Emergenncy Management Agency, liable for violation of **Title VII Civil Rights Act of 1964 & The Equal Pay Act of 1963.**

2) Finding jointly and severally co-defendants Patrick Briggs, Josephine Arcurio, Joseph Chirico, Danna Planas, Jose Antonio Espinosa and Daniel Piccaluga for damages caused to plaintiff under "Bivens Doctrine".

3) Finding defendants liable for the damages claimed plus costs and attorneys fees.

4) Award plaintiff such other and further relieves at law or in equity as this Court may deem just and proper.

Respectfully submitted in San Juan, Puerto Rico, this 20th of December 2023.

JOSE A. RIVERA CORDERO
JOSE A. RIVERA VAQUER
Email: jarivera@rimerico.com
Email: josean@rimerico.com
PO BOX 192376 SAN JUAN

PUERTO RICO 00919-2376
TEL: 787-759-3634
     787-509-2891

s/*JOSE A. RIVERA CORDERO*
   USDC-PR 121512

s/*JOSE ANTONIO RIVERA-VAQUER*
   USDC-PR 309106